UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARTHOLOMEW HENDERSON                        CIVIL ACTION

VERSUS                                       NO: 15-4452

ALLSTATE FIRE AND CASUALTY                   SECTION: R
INSURANCE COMPANY, ET AL.

## ORDER AND REASONS

Plaintiff Bartholomew Henderson moves to remand this case to state court. Because the Court finds that the jurisdictional amount is not satisfied, the Court GRANTS the motion.

## I.   BACKGROUND

This case arises out of an October 31, 2014 car accident involving plaintiff and another motorist, Pierre Taylor.[1] At the time of the accident, Taylor had in force an Allstate Fire and Casualty Insurance Company ("Allstate") insurance policy that provided $15,000 in coverage.[2] Plaintiff had in force an Allstate uninsured/underinsured motorist ("UM") insurance policy

---

[1] R. Doc. 1-1 at 1-2.

[2] *Id.* at 2; R. Doc. 1 at 6-7; R. Doc. 13.

valued at $50,000.[3] Following the accident, Allstate tendered to plaintiff $7,500 under his UM policy.[4]

On December 5, 2014, plaintiff filed suit in the Civil District Court for the Parish of Orleans against Taylor and Allstate.[5] Plaintiff asserted claims against Allstate in its capacity as Taylor's insurer and its capacity as plaintiff's UM insurance provider.[6] Plaintiff later settled with Taylor for the full amount of Taylor's insurance policy, $15,000.[7] On August 21, 2015, the state court dismissed claims against Taylor and against Allstate in its capacity as Taylor's insurer.[8] Thus, the only defendant that remains in this case is Allstate, and plaintiff's only live claims involve his Allstate UM insurance policy. Specifically, plaintiff alleges that because his damages exceed $15,000, Taylor is an underinsured motorist, and plaintiff is entitled to proceeds under his UM insurance policy.[9] Plaintiff also seeks statutory penalties and attorney's fees

---

[3] R. Doc. 1 at 6-7; R. Doc. 12.

[4] R. Doc. 5-5.

[5] R. Doc. 1-1.

[6] *Id.*

[7] R. Doc. 1-9 at 25.

[8] R. Doc. 1 at 2; R. Doc. 1-6.

[9] R. Doc. 1-1 at 2-3.

2

under La. R.S. § 22:1973 and 22:1892.[10] On September 16, 2015, Allstate removed the case to this Court on the basis of diversity jurisdiction.[11] Plaintiff now moves to remand the action to state court.[12]

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.

---

[10] *Id.* at 3-4.

[11] R. Doc. 1.

[12] R. Doc. 5.

3

*See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Jurisdictional Amount

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, however, plaintiff filed his complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of monetary damages. See La.Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). When, as here, a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence

4

that the amount in controversy exceeds $75,000. *See Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute that support finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. Allen, 63 F.3d at 1336.

## III. DISCUSSION

Allstate has asserted federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists only when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Because the parties agree that they are citizens of different states, the Court need consider only whether the amount in controversy requirement is met.

### A. Policy Limits

Plaintiff's lawsuit seeks to recover payments under an insurance policy. When a plaintiff seeks such a recovery, the amount in controversy is governed

by the lesser of the value of the claim under the policy or the value of the policy limit. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (noting that "when a claim *exceeds* the policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy"); *Mercier v. Allstate Ins. Co.*, No. CIV.A. 06-9861, 2007 WL 210786, at *2 (E.D. La. Jan. 17, 2007) ("In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy."); *see also* 14AA Fed. Prac. & Proc. Juris. § 3710 (4th ed.) ("[I]f the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied.").

Here, plaintiff's insurance policy limits Allstate's maximum liability to $50,000. Allstate has already paid plaintiff $7,500, so the maximum amount that plaintiff can recover from Allstate under the policy is $42,500. Because this lawsuit could not result in lawful a judgment against Allstate for more than $42,500 (before statutory penalties and attorney's fees), that figure represents the maximum contribution that plaintiff's claim can make towards the amount in controversy requirement. *See Payne v. State Farm Mut. Auto.*

*Ins. Co.*, 266 F.2d 63, 66 (5th Cir. 1959) (holding that jurisdictional amount was controlled by maximum value of insurance policy and not the amount of alleged damages); *Gilmore v. Am. Sec. Ins. Co.*, No. CIV.A. 10-610, 2010 WL 4923990, at *3 (E.D. La. Nov. 29, 2010) (concluding that jurisdictional amount was controlled by limitation of liability in insurance policy, less the amount the insurer already paid to plaintiff).

Allstate argues that because plaintiff seeks proceeds under a UM insurance policy, the Court should use a different calculation. Allstate notes that in a suit against a UM insurer, a plaintiff must prove that an award against the underinsured motorist was insufficient compensation; otherwise the UM policy is not invoked and the UM insurer defendant owes nothing. Here, plaintiff settled with the underinsured motorist, Taylor, for the full value of Taylor's liability policy, $15,000. So before plaintiff can prove that he is entitled to any UM benefits, he must first prove that the damages he suffered exceed $15,000. And to prove that he is entitled to the full $42,500 remaining under his UM policy limit, plaintiff must prove damages of $57,500. Thus, Allstate contends that the policy amount at issue for amount in controversy purposes is $57,500.

This argument fails under Fifth Circuit precedent. In *Payne v. State Farm Mutual Automobile Insurance Company*, a plaintiff asserted personal

injury claims against an insurer. 266 F.2d 63, 64 (5th Cir. 1959). Though the plaintiff alleged over $50,000 in damages, the insurance policy limited the insurer's liability to $10,000, which was below the jurisdictional threshold. *Id.* The court reasoned that "[i]f there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability." *Id.* Because of the policy limits, it was not "legally possible for plaintiff to recover . . . the jurisdictional amount upon the cause of action alleged in the petition." *Id.* at 65. Thus, federal jurisdiction did not exist. *Id.*

Here, as in *Payne*, the insurance policy limits the extent of Allstate's potential liability in this litigation. While it is true that plaintiff must prove that his damages exceeded the underlying settlement in order to invoke his UM policy, Allstate cannot be held liable for the settlement amount as a result of plaintiff's cause of action. The maximum amount that it is "legally possible" for plaintiff to recover from Allstate in UM benefits is $42,500. So $42,500 is the maximum amount of policy proceeds that could be placed in controversy by plaintiff's cause of action. *Wheeler v. Farmers Ins. Exch.*, No. 13-CV-0951, 2013 WL 4432097, at *2 (W.D. La. Aug. 16, 2013), *aff'd*, No. 13-CV-0951, 2014 WL 280356 (W.D. La. Jan. 22, 2014) (holding that jurisdictional amount was controlled by the extent of UM insurer's potential liability to plaintiff, not

8

including the amount of plaintiff's recovery against underinsured motorist);[13] *see also Lou-Con Inc.*, 293 F.3d at 911 ("[I]f an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy.").

### B.   Statutory Penalties and Attorney's Fees

In addition to a claim for UM insurance proceeds, plaintiff seeks statutory penalties and attorney's fees under La. R.S. § 22:1973 and 22:1892. Under these circumstances, the Court is to consider these claims in assessing the amount in controversy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages – not just interest or costs."). Even if plaintiff were able to recover to the extent that these statutes allow, however, his total award would still be less than the jurisdictional amount of $75,000.

A plaintiff cannot recover penalties under both La. R.S. § 22:1973 and 22:1892 for the same conduct; rather, a plaintiff recovers the higher penalty.

---

[13] Though the Court recognizes that a division of the Western District of Louisiana reached the opposite result in *Briley v. State Farm*, 2012 WL 219431 (W.D. La. 2012), it finds the result in *Wheeler* more persuasive.

*Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000); *see also Riley v. S. Fid. Ins. Co.*, No. CIV.A. 11-1482, 2011 WL 3567515, at *4 (E.D. La. Aug. 12, 2011). Section 22:1973 provides that an insurer that breaches its "duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims" is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. § 22:1973. The plaintiff, however, must show proof of actual damages arising from the breach to recover any more than $5,000. *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 76 (5th Cir. 1995). Plaintiff does not allege in his petition an amount or type of damages, if any, that he sustained from Allstate's breach. And Allstate provides no evidence to show that plaintiff could recover more than $5,000 for damages arising from its alleged breach of contract.

    Under Section 22:1892, the insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater," whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. R.S. § 22:1898. Because the maximum amount due from Allstate to plaintiff under the UM policy is

10

$42,500, the maximum penalty that could be imposed against Allstate under this provision is $21,250.

In addition, plaintiff estimates that his attorney's fees at the time of removal amounted to $1,200.[14] Allstate "adopt[s]" this figure in its opposition to plaintiff's remand motion.[15] Thus, even if plaintiff recovered proceeds to the full extent of his insurance policy, as well attorney's fees and the highest possible statutory penalty, his total award would be only $64,950.

Based on the facts alleged in plaintiff's petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000. Moreover Allstate has not submitted any evidence indicating that plaintiff's claims are for more than $75,000. Accordingly, the Court finds that Allstate has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## IV.  CONCLUSION

---

[14] R. Doc. 5-1 at 7-8.

[15] Allstate's opposition motion states that "[f]or purposes of this remand, Allstate will adopt the quantum for attorney's fees and penalties alleged by Plaintiff in his Motion to Remand." R. Doc. 6 at 4 n.4. Elsewhere in Allstate's motion, however, Allstate uses a $6,200 attorney's fees figure, rather than plaintiff's estimate of $1,200. *Id.* at 4. Allstate neither explains this deviation nor offers evidence demonstrating that plaintiff's fees exceed $1,200. Ultimately, this issue is irrelevant. Even if the Court were to use Allstate's $6,200 figure, the amount in controversy still would not exceed the jurisdictional threshold.

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this 22nd day of December, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE